Filed 6/3/26  P. v. Watson CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SHAYLOR ALVIN WATSON,<br><br>    Defendant and Appellant. | B346019<br><br>(Los Angeles County<br>Super. Ct. No. A950372) |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.

Ava Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Appellant Shaylor Watson appeals from the trial court's denial of his petition for resentencing under Penal Code section 1170, subdivision (d).[1]  His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Watson filed a supplemental brief.  We review the contentions Watson raises in his supplemental brief, and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are in the nonpublished opinion from Watson's direct appeal, *People v. Watson*, June 15, 1994, B056452 (*Watson I*).  As relevant here, the People charged Watson with three counts: first degree murder with malice aforethought of Heidi Carr on November 25, 1986 (§ 187, subd. (a), count 1); first degree murder with malice aforethought of Keidi Sutton-Daniels on March 26, 1987 (*ibid.*, count 2); and robbery of Keidi Sutton-Daniels on March 26, 1987 (§ 211, count 3).  The People further alleged a multiple murder special circumstance
(§ 190.2, subd. (a)(3)), and that Watson personally used a firearm in the commission of each offense (§ 12022.5)).[2]  A jury convicted Watson of all counts, and found true the special circumstances and firearm allegations.  (*Watson I, supra.*)

The trial court sentenced Watson to life without the possibility of parole (LWOP) on count 2, plus two years for the firearm allegation; a concurrent term of 25 years to life on count

---

[1]     All undesignated statutory references are to the Penal Code.
[2]     The People also alleged that the murder in count 2 was committed while Watson was engaged in the crime of robbery. (§ 190.2, subd. (a)(17)(A).)  That special circumstance was stricken on Watson's direct appeal.  (*Watson I, supra.*)

1, plus two years for the firearm allegation; and four years on count 3, stayed. (*Watson I, supra*.) The judgment was affirmed on direct appeal. (*Ibid*.)

In December 2024, Watson filed a petition for resentencing under section 1170, subdivision (d). That statute provides that when a defendant was "under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to" LWOP, and the defendant has been incarcerated for at least 15 years, the defendant may seek recall and resentencing. (§ 1170, subd. (d)(1)(A).) Watson's petition stated that he "was 17 years old when the murder in count one was committed" and that he was "under 18 years old at the time of the offenses."

In a minute order dated December 10, 2024, the trial court noted that court records suggested Watson was over the age of 18 at the time he committed count 2, the murder for which he had been sentenced to LWOP. The court ordered Watson to "supply the court with proof that the defendant was a minor at the time of the commission of the offense that resulted in an LWOP sentence." Watson provided his birth certificate to the court.

In a minute order dated January 9, 2025, the court stated, "As indicated in the minute order of December 10, 2024, available court records indicated that defendant was over age 18 at the time of the commission of the offense. On January 6, 2025, defendant supplied a copy of his birth certification from the state of Missouri. It indicated that defendant was born December 11, 1968. Per available court records, the special circumstance murder was committed March 27, 1987. Defendant was over age 18 at the time of the commission of the crime. It appears that defendant is not eligible for relief under Penal Code Section 1170(d). [¶] However, to allow counsel to argue eligibility, the

matter is calendared for the appearance of counsel. . . ."  At the hearing, counsel stated that he had nothing to add. The trial court denied Watson's petition, stating that Watson was ineligible because he was over the age of 18 at the time of the LWOP offense.

Watson timely appealed

## DISCUSSION

Watson's appellate counsel filed a brief raising no issues and asking this court to proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216. Watson was advised of his right to file a supplemental brief (see *Delgadillo, supra*, 14 Cal.5th at pp. 231-232), and he did so.  We evaluate the arguments set forth in that supplemental brief.  (See *id*. at p. 232 ["If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

In his supplemental brief, Watson argues that "state authorities are unlawfully denying youth-offender parole consideration for his juvenile offense by treating a separate adult conviction as controlling."  This argument appears to be focused on issues decided in Watson's previous appeal, *People v. Watson* (July 9, 2024, B328070 [nonpub. opn.]) (*Watson II*).  Prior to that appeal, "Watson filed a motion for proceedings preserving evidence under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), in preparation for an eventual youth offender parole hearing under Penal Code section 3051.[ ]  The trial court denied Watson relief, noting section 3051 facially does not extend to individuals who committed their offenses between the ages of 18 and 25 and received LWOP sentences."  (*Watson II, supra*.)  This court considered and rejected Watson's arguments about equal

protection relating to youth offender parole hearing eligibility. (*Ibid*.)

Youth offender parole hearing eligibility is not at issue in this appeal. Rather, Watson appealed from the trial court's denial of his petition for recall and resentencing under section 1170, subdivision (d). Thus, to the extent Watson's arguments focus on issues other than section 1170 resentencing, they are beyond the scope of this appeal.

Watson's supplemental brief also cites several cases that involve sentencing youth offenders. He makes no attempt to connect these cases to his section 1170 petition, nor does he articulate how they apply to his circumstances.

Watson cites *Graham v. Florida* (2010) 560 U.S. 48, 82 (*Graham*)[3] which held that the United States Constitution "prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." However, Watson was sentenced to LWOP for a homicide offense. Watson also cites *Miller v. Alabama* (2012) 567 U.S. 460, 465 (*Miller*), which held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Watson was over the age of 18 when he committed the murder for which he was sentenced to LWOP. He also argues that *Montgomery v. Louisiana* (2016) 577 U.S. 190 (*Montgomery*) holds that an LWOP sentence is "unconstitutional for all juvenile offenders" unless "permanent incorrigibility" is present. Watson was not a juvenile offender when he committed his LWOP

---

[3] Watson cites case names only, without any citations. Thus, the cases discussed herein are the ones we presume Watson intended to reference.

offense.  "'"[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record."'" (*People v. Benson* (2025) 110 Cal.App.5th 1068, 1079 fn. 2.)  Watson has not done so here.

In addition to considering the arguments Watson raised in his supplemental brief, we have exercised our discretion to independently review the record.  We conclude no arguable issues exist.  (See *Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COGLIATI, J.*

We concur:

MORI, ACTING P. J.

TAMZARIAN, J.

---

* Judge of the Santa Cruz Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.